UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDEL WAHAB SELIEM,

    Plaintiff,

v.                                           Case No. 8:18-cv-1590-T-33AEP

ISLAMIC SOCIETY OF
TAMPA BAY AREA, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Reconsideration of Order Requiring Submission of Motion for Settlement Approval (Doc. # 24), filed on September 24, 2018. For the reasons that follow, the Motion is denied.

**I.**   **Background**

On July 3, 2018, Plaintiff Abdel Wahab Seliem filed this action against his former employer, Defendant Islamic Society of Tampa Bay Area, Inc., alleging claims for failure to pay both minimum wage and overtime in violation of the Fair Labor Standards Act. (Doc. # 1). On September 18, 2018, before completing mediation, the parties filed a joint stipulation of dismissal without prejudice. (Doc. # 22). Because Seliem

1

brings claims under the FLSA, the Court then directed the parties to file a motion for settlement approval. (Doc. # 23). In response to the Court's order, the parties instead filed the instant Joint Motion for Reconsideration of Order Requiring Submission of Motion for Settlement Approval. (Doc. # 24).

## II. Discussion

A district court in the Eleventh Circuit must review the settlement of an FLSA claim. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). Accordingly, parties cannot voluntarily dismiss an employee's FLSA claim with prejudice unless they first obtain the court's approval. Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010). On the other hand, as noted in the parties' Motion (Doc. # 24 at 1), some district courts in the Eleventh Circuit have suggested judicial review is not required for FLSA claims voluntary dismissed without prejudice. Farias v. Trade Secrets, LLC, No. 6:14-cv-880-Orl-37GJK, 2014 WL 8771497, at *1 (M.D. Fla. Sept. 18, 2014).

While some courts do not require judicial review, other courts have noted the "obvious problem" with granting dismissals in FLSA cases absent judicial review. See Turner

v. Interline Brands, Inc., No. 3:16-cv-646-J-39PDB, 2016 WL 7973120, at *3 (M.D. Fla. Nov. 8, 2016) (noting potential issues such as the statute of limitations and circumvention of the FLSA's purpose). For example, litigators may use dismissals without prejudice as a tool to effect an end-run around the policy concerns articulated in both the FLSA and Lynn's Food Stores. See Cardillo v. Limo, Inc., No. 8:11-cv-552-T-23MAP, 2011 U.S. Dist. LEXIS 86100, at *1-2 (M.D. Fla. Aug. 4, 2011) ("The parties attempt to circumnavigate the required judicial review of an FLSA settlement by stipulating to dismissal without prejudice." (citation omitted)); accord Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 552 (E.D.N.Y. 2018) ("[D]ismissals without prejudice may simply be an effort to settle cases without court review."); see also Dees, 706 F. Supp. 2d at 1247 ("[T]he district court should not become complicit in any scheme or mechanism designed to confine or frustrate every employee's knowledge and realization of FLSA rights.").

Consequently, some courts have held "that in order to effectuate the Eleventh Circuit's requirement dictated by Lynn's Food, even dismissals without prejudice require the Court to review any settlement agreement that has been reached

3

by the parties." Lugo v. Eddisons Facility Servs., LLC, No. 17-62091-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 205885, at *2 (S.D. Fla. Dec. 12, 2017); accord Chang v. Yokohama Sushi Inc., No. 17-80774-MIDDLEBROOKS/BRANNON, 2017 U.S. Dist. LEXIS 178541, at *1-2 (S.D. Fla. Oct. 25, 2017). Indeed, at a minimum, many courts require the parties submit sufficient information surrounding the plaintiff's decision to dismiss his FLSA claim before entering a stipulated dismissal. See, e.g., Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 658-59 (S.D. Ala. 2013) (declining to dismiss based on a stipulation of dismissal without prejudice in FLSA case because court lacked sufficient information regarding circumstances surrounding plaintiff's stipulation); Hurley v. Rogers, No. 12-00563-KD-M, 2012 U.S. Dist. LEXIS 153581, at *2 (S.D. Ala. Oct. 23, 2012) (same); see also Boasci v. Imperial Spa & Salon, Inc., No. 6:13-cv-1520-Orl-40KRS, 2015 U.S. Dist. LEXIS 122300, at *2 (M.D. Fla. Jan. 12, 2015) ("[T]he overwhelming position in the Eleventh Circuit [is] that the FLSA charges district courts with the duty to ensure the fairness of any resolution of a claim arising under the statute."). Likewise, some district courts in the Second Circuit have required judicial review for dismissals without

prejudice in FLSA cases. See, e.g., Gallardo, 285 F. Supp. 3d at 552-53; Seck v. Dipna Rx, Inc., No. 16-cv-7262 (PKC), 2017 WL 1906887, at *1 (S.D.N.Y. May 8, 2017).

The Court agrees that judicial review of the circumstances surrounding Seliem's decision to dismiss his FLSA claims – either with or without prejudice – is required to effectuate the policy concerns articulated in Lynn's Food Stores. Here, Seliem did not inform the Court as to why he stipulates to the dismissal of his case. As a result, it is not clear whether there has been a settlement or compromise of Seliem's FLSA claims, or whether the parties' stipulation is based on different grounds.

Further, the parties note in their stipulation of dismissal that "each party [is] to bear his/its own costs and fees." (Doc. # 22). But Seliem's responses to the Court's interrogatories reveal he was making $300 per week while working for Islamic Society and has incurred more than $16,700 in attorney's fees from this action. (Doc. # 13 at 3; Doc. # 16-1 at 5). Therefore, without more information, the Court cannot be "assure[d] both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement

5

agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009); see also Turner, 2016 WL 7973120, at *3 ("[T]he presence of counsel on both sides does nothing to alter the need for judicial oversight of FLSA settlement agreements.").

In sum, without more information, the Court cannot yet determine whether the parties have reached "a fair and reasonable resolution" of Seliem's FLSA claims. Lynn's Food Stores, 679 F.2d at 1355. Consequently, the Court cannot accept the stipulation of dismissal, and therefore, the parties' Motion for Reconsideration is denied. The parties are directed to file a supplement to the stipulation of dismissal by October 9, 2018, explaining whether the dismissal is based on a settlement, compromise, or some other ground. Thereafter, the Court will reconsider the stipulation of dismissal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Reconsideration of Order Requiring Submission of Motion for Settlement Approval (Doc. # 24) is **DENIED.**

(2) The parties are directed to file a supplement to the Stipulation of Dismissal (Doc. # 22) by **October 9, 2018**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of October, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE